IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 02-254-02 |
| EVGUENI POJILENKO | : | |

---

| | | |
|---|---|---|
| EVGUENI POJILENKO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-112 |
| UNITED STATES OF AMERICA | : | |

SURRICK, J.                                                    APRIL __20__ , 2012

## MEMORANDUM

Presently before the Court is Petitioner Evgueni Pojilenko's Motion To Vacate, Set

Aside, Or Correct Sentence By A Person In Federal Custody under 28 U.S.C. § 2255.  (ECF No.

475, 02-254-02.)  For the following reasons, Petitioner's Motion will be denied.

## I.    BACKGROUND

On April 24, 2002, a grand jury returned a forty-eight count indictment charging

Petitioner Evgueni Pojilenko and nine other defendants with a series of crimes, including

Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy, in violation of 18

U.S.C. § 1962(d), substantive RICO offenses, in violation of 18 U.S.C. § 1962(c) and other

related offenses.  The indictment alleged that over a period of years in the late 1990s and early

2000s, Petitioner played a continuing role in an enterprise, which was comprised predominantly

of immigrants from the former Soviet Union and was known by its northeast Philadelphia

community as the "KGB."  Petitioner was known as the "muscle" of the enterprise and participated in KGB-related crimes under the influence of the KGB leader, Leonid Chernyak.

On June 26, 2003, after a trial by jury, Petitioner was found guilty of RICO conspiracy (Count 1), substantive RICO offenses (Count 2), extortion, in violation of 18 U.S.C. § 894 (Count 4), possession with intent to distribute ecstasy, in violation of 21 U.S.C. § 841 (Count 9), and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count 12).

With respect to the substantive RICO count, the jury found that the Government proved all six of the racketeering acts charged.  The racketeering acts comprising the substantive RICO count included extortion, in violation of 18 U.S.C. § 894 and 18 Pa. Cons. Stat. Ann. § 3923, robbery, in violation of 18 Pa. Cons. Stat. Ann. § 3701, conspiracy to rob and robbery, in violation of 18 Pa. Cons. Stat. Ann. §§ 903 and 3701, possession with intent to deliver ecstasy, in violation of 21 U.S.C. § 841, and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846.  The evidence of Petitioner's guilt on all counts was overwhelming.

At the sentencing hearing held on November 6, 2006, Petitioner was sentenced to 168 months in prison followed by four years of supervised release.[1]  On November 13, 2003, Petitioner appealed both his conviction and sentence, arguing that 1) admission of certain testimony from law enforcement officers identifying themselves as members of organized crime squads was prejudicial and in error, 2) his sentence must be vacated in light of *United States v. Booker*, 543 U.S. 220 (2005), a case decided after Petitioner had been sentenced, 3) application of the two-level enhancement for use of a minor pursuant to U.S.S.G. § 3B1.4 was improper, and

---

[1]  The sentence was based upon an Offense Level of 33 and a Criminal History Category of I.  The Sentencing Guideline Range was 135 to 168 months.

4) application of the "post-Feeney Amendment guidelines" in sentencing violated separation of powers.

On July 27, 2006, the Third Circuit affirmed Petitioner's conviction and remanded the case for resentencing in light of *Booker*.[2]  *United States v. Pojilenko*, 416 F.3d 243, 247 (3d Cir. 2006).  Petitioner was resentenced on January 18, 2006.[3]  Considering the factors set forth in 18 U.S.C. § 3553(e), we reimposed the sentence of 168 months imprisonment and four years of supervised release.  On January 25, 2006, Petitioner appealed this resentencing.  On April 17, 2007, the Third Circuit affirmed the judgment of sentence, concluding that the sentence was reasonable.  *United States v. Pojilenko*, 222 F. App'x 232, 234 (3d Cir. 2007).  None of the grounds stated in the instant Motion were raised by Petitioner in either of his appeals.  On January 7, 2008, the Supreme Court denied Petitioner's petition for writ of certiorari.  *Pojilenko v. United States*, 552 U.S. 1097 (2008).

On January 7, 2009, Petitioner filed the instant Motion pursuant to 28 U.S.C. § 2255. Petitioner raises four grounds on which he seeks relief, all of which are based on the alleged ineffective assistance of his trial counsel and appellate counsel.  Specifically, Petitioner contends that his appellate counsel was ineffective for failing to appeal the convictions for RICO conspiracy, RICO substantive, possession with intent to distribute ecstacy, and conspiracy to distribute methamphetamine, based upon the sufficiency of the evidence.  In addition, Petitioner contends that his trial counsel was ineffective for failing to challenge 1) admission of evidence

---

[2]  The Third Circuit also determined that the two-level enhancement in Section 3B1.4 of the Sentencing Guidelines for use of a minor should not have been applied.

[3]  At resentencing, the Sentencing Guidelines were calculated based upon an Offense Level of 31 and a Criminal History Category of I.  The Sentencing Guidelines Range was 108 to 135 months.

discovered during a legal traffic stop, 2) the jury instructions and 3) the judicial district where Petitioner was processed immediately after arrest.

## II.      LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under this provision is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

While the court may, in its discretion, hold an evidentiary hearing on a Section 2255 petition, *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989), such a hearing need not be held if the "motion and the files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

## III.     DISCUSSION

In order to make out a claim of ineffective assistance of counsel, "a habeas petitioner must show that his counsel's performance was deficient and that this deficient performance caused him prejudice." *Saranchak v. Beard*, 616 F.3d 292, 301 (3d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In order to show that counsel's performance was deficient, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness, which means reasonableness under prevailing professional norms." *United*

4

*States v. Smack*, 347 F.3d 533, 537 (3d Cir. 2003) (quoting *Strickland*, 466 U.S. at 688).

Prejudice is established only when the petitioner can show that "there is a reasonable probability

that, but for counsel's professional errors, the result of the proceeding would have been

different." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) (quoting *Strickland*, 466

U.S. at 694).

A strong presumption exists that counsel's conduct falls within the wide range of

reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also id.* ("Judicial scrutiny of

counsel's performance must be highly deferential."); *Kimmelman v. Morrison*, 477 U.S. 365, 382

(1986) ("*Strickland*'s standard, although not insurmountable, is highly demanding . . . . Only

those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by

the gross incompetence of their attorneys will be granted the writ.").

### A.       Sufficiency of the Evidence Claims

Petitioner argues that he received ineffective assistance when his appellate counsel did

not appeal certain counts of his conviction.  Specifically, Petitioner argues that the evidence

presented at his seven-day trial was not sufficient to prove the RICO conspiracy charge

(Count 1), the RICO substantive charge (Count 2), the possession with intent to distribute ecstacy

charge (Count 9), and the conspiracy to distribute methamphetamine charge (Count 12).  The

Government argues that appellate counsel's failure to appeal the convictions on these counts does

not constitute ineffective assistance of counsel because such an appeal would have been futile.

Had appellate counsel appealed Petitioner's conviction on grounds that there was

insufficient evidence to convict him, the appeal would have been subject to the "plain error"

standard of review.  *United States v. Anderson*, 108 F.3d 478, 480 (3d Cir. 1997).  An appeal

based on insufficiency of the evidence is subject to a "plain error" standard when a defendant

fails to renew his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29.

*Id*. ("Since [defendant's] trial counsel failed to renew his motion for judgment of acquittal at the

end of defense's case . . . the alleged insufficiency of the evidence with respect to the essential

elements of the offense must constitute plain error in order to warrant reversal.").

At the close of the Government's evidence at trial, Petitioner moved for judgment of

acquittal under Rule 29.  The motion was denied.  When Petitioner closed his case, he did not

renew his motion for judgment of acquittal, thus subjecting any appellate review of his

sufficiency of the evidence claims to a plain error standard of review.  "This standard is met

when there is a 'plain' error that 'affects substantial rights.'"  *United States v. Wolf*, 245 F.3d

257, 261 (3d Cir. 2001) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).  A "'plain'

error is one that is 'clear' and 'obvious'" and "an error is deemed to have 'affected substantial

rights' if it . . . affected the outcome of the District Court proceedings."  *Id.* (quoting *Olano*, 507

U.S. at 733).  Under this standard, evidence is reviewed in a light most favorable to the

prosecution "to determine whether any rational trier of fact could have found proof of guilt

beyond a reasonable doubt based on the available evidence."  *Id.*

We will address each of Petitioner's sufficiency of the evidence claims in turn.

   1.    *RICO Conspiracy and RICO Substantive Counts (Counts 1 and 2)*

Petitioner argues that the evidence presented at trial, at best, proved the existence of

multiple conspiracies, but did not establish an overarching enterprise or single conspiracy

necessary for conviction on a RICO conspiracy claim.  Petitioner contends that there was a

prejudicial variance between the proof and the indictment.  We reject these contentions.

Petitioner's reliance on cases addressing general conspiracy law for the proposition that proof of multiple conspiracies may prejudice a defendant if the indictment charges a single conspiracy is misplaced.  The Third Circuit has clearly stated that

> Congress intended that a series of agreements that under pre RICO law would constitute multiple conspiracies could under RICO be tried as single enterprise conspiracy if the defendants have agreed to commit a substantive RICO offense . . . . [A] RICO conspiracy under 18 U.S.C. § 1962(d), supported by predicate acts of racketeering activity that in themselves are conspiracies does not violate the principal of *Kotteakos v. United States* . . . which prohibits conviction of multiple conspiracies under an indictment charging a single conspiracy.

*United States v. Irizarry*, 341 F.3d 273, 293 n.7 (3d Cir. 2003) (quoting *United States v. Riccobene*, 709 F.2d 214, 224-225 (3d Cir. 1983) (internal quotation marks and citations omitted); *United States v. Ruggiero*, 726 F.2d 913, 923 (2d Cir. 1984)).  Petitioner did not suffer a prejudicial variance because the evidence put forth by the Government—multiple conspiracies and other predicate RICO offenses related to the affairs of a single enterprise, the KGB—was not different than what was charged in the indictment.

Petitioner's remaining claims that there was insufficient evidence to establish a single enterprise are not supported either legally or factually.  First, Petitioner argues that he was not involved in some of the predicate offenses charged in the RICO conspiracy count.  Under 18 U.S.C. § 1962(d), it is unlawful for any person to conspire to violate any of the provisions of Section 1962(a), (b) or (c).  This section does not require "the defendant's agreement to commit personally two acts of racketeering."  *United States v. Pungitore*, 910 F.2d 1084, 1130 (3d Cir. 1990).  Rather, "the government need only prove that the defendant agreed to conduct the affairs of the enterprise through a pattern of racketeering activity to be accomplished through the acts of the coconspirators."  *Id.*  The record contains an overwhelming amount of evidence that

Petitioner "agreed to conduct the affairs" of the KGB, even if he was not personally in attendance during some of the criminal acts.  For example, although Petitioner argues that he was never involved in selling drugs, he did provide security at the "Rave" parties thrown by the KGB where large quantities of drugs were sold by the KGB.  Petitioner's assistance was, in essence, an agreement to aid the KGB in conducting its drug-selling activities.

Second, Petitioner's contention that the Government failed to prove the existence of an enterprise because the criminal incidents occurred randomly and by independent actors not answering to any boss or leader is also meritless.  A RICO enterprise may be an "association-in-fact enterprise," which can be "a continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 948 (2009).  An association-in-fact enterprise "need not have a hierarchical structure or chain of command" and "different members may perform different roles at different times." *Id.*  Moreover, Petitioner concedes that "only once did he act outside of Chernyak's influence." (Pet'r's Mem. 18.)

The similar arguments made by Petitioner with respect to the substantive RICO count is also rejected.  Petitioner contends that he did not direct the affairs of the KGB and, therefore, the Government failed to prove an essential element of the substantive RICO offense.  Petitioner is simply wrong.  "RICO liability may extend to those who do not hold managerial positions with an enterprise, but who do nonetheless knowingly further the legal aims of the enterprise by carrying out the directives of those in control." *United States v. Urban*, 404 F.3d 754, 770 (3d Cir. 2005) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)).  The evidence at trial clearly established that Petitioner knowingly furthered the legal aims of the KGB.  He was the

"muscle."  He was known as the "enforcer."  He used force and intimidation to carry out the criminal objectives of the KGB.

Despite the efforts of his trial counsel, who as Petitioner recognized, "eloquently argued that there was not one overarching enterprise" (Pet'r's Mem. 13), the jury did not agree. Appellate counsel's decision not to argue the RICO charges on appeal was not ineffective assistance of counsel.  An attorney is not required to raise meritless claims.  *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

### 2.   *Possession with Intent to Distribute Ecstacy (Count 9)*

Petitioner contends that there was insufficient evidence to support his conviction for possession with intent to distribute ecstacy, in violation of 21 U.S.C. § 841, and as a result, appellate counsel was ineffective for failing to appeal this conviction.  Again, we disagree. Petitioner was a passenger in a car driven by Chernyak.  Chernyak's car struck a police car. Chernyak failed to stop.  The police pursued the Chernyak vehicle, and it was ultimately pulled over.  The stop was perfectly legal.  When the police officers approached the car, they saw Petitioner first with his hands on the glove compartment and then with his feet on the glove compartment.  (Trial Tr. 17, 41-44, June 20, 2003.)  The officers saw a bag sticking out of the glove compartment.  The bag contained 184 MDMA pills, also known as ecstacy.  "Possession of a controlled substance may be actual or constructive, and may be proven through either direct or circumstantial evidence."  *United States v. Bobb*, 471 F.3d 491, 497 (3d Cir. 2006).  Petitioner's conduct with respect to the bag of drugs that was sticking out of the glove compartment was more than sufficient to establish possession of the drugs.  Indeed, Petitioner even admits that his

actions exhibited possession of the ecstasy.  (Pet'r's Mem. 51.)  Moreover, one does not possess

184 ecstasy pills for personal use.  Based on the significant evidence offered by the Government,

any rational trier of fact could have found Petitioner guilty beyond a reasonable doubt.

> 3.    *Conspiracy to Distribute Methamphetamine (Count 12)*

Petitioner similarly argues that there was insufficient evidence to support his conviction

for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846.  He maintains

that he was merely a purchaser of the drug and that there was no evidence that he was involved in

the drug's distribution.  The evidence presented at trial proved otherwise.  Petitioner was directly

involved in conversations, often as a middleman, discussing the safe receipt of the

methamphetamine which had been coming in by mail.  Petitioner also discussed the potential

purchasers of the methamphetamine, including their knowledge of the drug's arrival.  In addition,

Petitioner was tasked with waiting at the location where the drug shipment was to be sent.  In

fact, he described his purpose in being there as "we are on a serious mission."  (Trial Tr. 261-62,

June 23, 2003.)  The evidence was more than sufficient for any rational jury to find Petitioner

guilty of conspiracy to distribute methamphetamine beyond a reasonable doubt.  Accordingly, his

appellate counsel was not ineffective for failing to raise this issue on appeal.

**C.    Failure to File a Motion to Suppress**

Petitioner argues that his trial counsel was ineffective in failing to file a motion to

suppress the plastic bag containing 184 ecstasy pills found during the lawful traffic stop of

Petitioner and Chernyak.  Petitioner's argument is without merit.  Petitioner was a passenger in

Chernyak's car.  The car was lawfully stopped by the police.  As a passenger, Petitioner had no

expectation of privacy and no standing to challenge the search of Chernyak's car.  *Rakas v.*

10

*Illinois*, 439 U.S. 128, 148 (1978) (defendant passengers who had "neither a property or possessory interest in the automobile, nor an interest in the property seized" lacked standing to challenge the search of vehicle); *United States v. Baker*, 221 F.3d 438, 441-42 (3d Cir. 2000) ("It is clear that a passenger in a car that he neither owns nor leases typically has no standing to challenge the search of the car.").

In any event, even if Petitioner had standing to challenge the search, there was no Fourth Amendment violation. The police lawfully stopped the vehicle. As the police approached the vehicle they saw what appeared to be a bag containing drugs sticking out of the glove compartment. They also saw Petitioner attempting to shield the drugs from view, first with his hands and then with his feet. Based upon the totality of the circumstances, the police officers had probable cause to search Chernyak's lawfully stopped car. The Fourth Amendment was not violated. Trial counsel's decision not to file a motion to suppress does not constitute ineffective assistance of counsel. A motion to suppress would have been denied.

## D.      Failure to Seek Instruction on Multiple Conspiracies

Petitioner contends that trial counsel was ineffective by failing to seek a jury instruction on "multiple conspiracies" and by failing to challenge the meaning of the term "associated" as part of the substantive RICO jury instruction. A review of the Court's instructions to the jury in light of the evidence presented reveals that the instructions were proper in every respect.

In any event, challenges to jury instructions are generally not available on collateral attack unless the alleged errors are "of constitutional magnitude" or result in "a fundamental defect which inherently results in the complete miscarriage of justice." *United States v. Pungitore*, 965 F. Supp. 666, 682 (E.D. Pa. 1997) (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). Petitioner

has failed to point to any part of the jury instructions that resulted in a complete miscarriage of justice, and he has failed to advise as to what alternative jury instruction should have been used. Petitioner simply repeats the same legally unsupportable argument that trial counsel made during trial. *See Irizarry*, 341 F.3d at 293 n.7 (a series of different conspiracies are permitted in the prosecution of a single RICO count).

**E.      Failure to Contest Appearance of Petitioner in the District of Offense**

Finally, Petitioner asserts that his trial counsel provided ineffective assistance by not contesting Petitioner's initial appearance in the Eastern District of Pennsylvania, the district where the offense took place, instead of the Eastern District of New York, the district where he was arrested.  The Government argues that this claim is frivolous and that Petitioner did not suffer any prejudice by being transported to the Eastern District of Pennsylvania.  The Government is correct.

Petitioner cites Federal Rule of Criminal Procedure 5.1(c)(2), which provides that a defendant arrested in a district other than the district where the offense was allegedly committed must initially appear in "(a) the district of arrest or (b) in an adjacent district if:  (i) the appearance can occur more promptly there; or (ii) the offense was allegedly committed there and the initial appearance will occur on the day of the arrest."  Fed. R. Crim. P. 5.1(c)(2).

Petitioner has failed to explain how he was at all prejudiced by being brought to the Eastern District of Pennsylvania.  More importantly, when Petitioner was arrested in New York, he advised that he had talked to his attorney and he requested to be transported to Philadelphia for processing.  (Gov't Mem. Ex. A.)  The offenses charged in the indictment were committed in Philadelphia, and Petitioner was brought before a Magistrate Judge in Philadelphia within five

hours of his arrest on the day of his arrest.  Petitioner's trial counsel was not ineffective for failing to challenge the transportation of Petitioner to the Eastern District of Pennsylvania.

    **IV.**    **CONCLUSION**

    For the foregoing reasons, Petitioner's Motion is denied with prejudice.  No certificate of appealability will be issued.

    An appropriate Order follows.

                   **BY THE COURT:**

                   _____

                   **R. BARCLAY SURRICK, J.**

13